Per Curiam.

A father not having right to custody of his children is not relieved of his obligation to support them merely due to their having been taken to another State. If he is domiciled in this State, and has been properly served, he is amenable to suit in our courts at the instance of nonresidents to enforce personal liability. The Domestic Delations Court Act of the City of New York establishes a procedure to compel the payment-weekly or at other fixed periods of a fair and reasonable sum for the support, of children (§ 92, subd. [3]), and the Domestic Delations Court is open in proper cases to nonresident suitors (§ 103, subd. 1, pars, [a], [b]). The court below, therefore, had power to compel the defendant-appellant to support hi's children who are living with and being supported by their mother in New Jersey.
In lodging this power in the Domestic Delations Court, however, the act implies that it shall be exercised for the benefit of the children with due regard for their welfare notwithstanding that' they live outside of the State. It was, therefore, incumbent on the mother of the children as petitioner to establish that they are being supported by her under suitable circumstances as a condition of applying-for an order compelling the defendant to pay. Likewise it was open to him to establish by evidence, if he could, that they were not being maintained in -a suitable environment and to ask the court to attach whatever conditions might be warranted respecting their care to the direction for payment. Petitioner’s New Jersey divorce, awarding custody to her in an action in which he evidently did not appear, was some evidence 'on the subject but not conclusive. The defendant was not given sufficient latitude to cross-examine petitioner nor permitted to introduce evidence which he sought to present on this phase of the proceeding for which reasón the order •appealed from should be reversed and the case remitted to the Domestic Delations Court for further proceedings in accordance herewith.
Martin, P. J., G-lennon, Doee, Cohn and Van Vooehis, JJ., concur.
Order unanimously reversed and the case remitted to the Domestic Delations Court for further proceedings in accordance, with opinion., Settle order on notice.